**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALPHONSO ADAMS, #R-62074,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-0050-SMY** |
| | ) | |
| **C/O DAVIS, C/O NALLEY, and** | ) | |
| **LT. SCHULER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alfonso Adams, currently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Initially, Plaintiff was a co-plaintiff in *Cullum, et al. v. Davis, et al.*, No. 15-cv-57-SMY. However, pursuant to a Memorandum and Order entered in that case on January 15, 2016 (*see* Doc. 1, instant case), Plaintiff's claims were severed and the present case was opened.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

## Background

In the original case, *Cullum, et al. v. Davis, et al.*, No. 15-cv-57-SMY, Plaintiff Adams and his co-plaintiffs were ordered to submit an amended complaint, signed by each of them.

(*See* Doc. 9, *Cullum, et al. v. Davis, et al.*, No. 15-cv-57-SMY).   Rather than submit one joint complaint, Plaintiff and his co-plaintiff, Detrick Cullum, each submitted individual complaints. (*See* Docs. 16 and 17, respectively, original case).   Plaintiff's individual complaint forms the basis of the present action. (*See* Doc. 2, instant case).

Plaintiff's complaint, as it currently stands, is confusing and fails to state a claim for relief, even under the liberal notice pleading standard established by Rule 8 of the Federal Rules of Civil Procedure.   The first defect in the complaint is that it is unclear whom Adams seeks to sue.   In the caption of the Court-provided complaint form, Adams listed C/O Davis and C/O Nalley as Defendants.   (Doc. 2, p. 1).   Under the section entitled "Defendants," Adams again listed C/O Davis and C/O Nalley, but also included Lt. Schuler.   *Id*. at 2.   However, in his own statement of the claim, Adams only refers to C/O Davis.

This defect would not necessarily be fatal, except that it is also unclear what claims Adams is seeking to hold Defendant Davis liable for.   Adams' complaint contains a very brief statement of his claim (less than one page).   (Doc. 2, p. 5).   In his own statement, Adams briefly recounts the details of an incident that occurred at Big Muddy River Correctional Center that gave rise to this litigation.   Adams claims that on July 22, 2014, he and several other inmates were on their way to breakfast when C/O Davis slammed the door in their faces, preventing them from continuing on to breakfast. *Id*.   He alleges that he and the other inmates returned to their cells, even while C/O Davis and some other correctional officers laughed at them.   *Id*.   When C/O Davis came back to check on the inmates, they asked to speak with a lieutenant.   C/O Davis left and when he returned, he told the inmates, "The lieutenant isn't coming over here until after breakfast, so you're not eating anyway, so go lock your asses up." *Id*.   While walking out the

door, C/O Davis then said, "Dumb ass n*gg*rs."   *Id.*   This represents the totality of the Plaintiff's personal statement.

However, following the request for relief section, Adams has attached several pages of the original complaint filed in *Cullum, et al. v. Davis, et al.*, No. 15-cv-57-SMY, which was authored and signed by Detrick Cullum, not Adams, and a grievance form submitted by Detrick Cullum.   *Id.* at 7-16.   Adams has also included a disciplinary report that he was issued and the adjustment committee's final report regarding the incident.   These additional documents indicate that Adams was sent to segregation over the incident and that retaliation may have played a part in both the original door-slamming incident as well as the fall-out.   However, Adams makes no mention of any of this in his own statement.   Because Detrick Cullum's statement includes claims that are specific to him, it is unclear which portions of Cullum's statement Adams is seeking to incorporate, if any, into his own statement.

To state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief," *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted).   Although Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

It is quite possible that Plaintiff has an actionable claim against one or more of the named defendants, but at this point he has failed to clearly identify those claims and how each defendant is personally liable.   The reason that plaintiffs, even those proceeding *pro se*, for whom the Court

is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint.

For this reason, the Court finds that the complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth below.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 2) and **DEFENDANTS C/O DAVIS, C/O NALLEY,** and **LT. SCHULER** are **DISMISSED without prejudice**.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before February 19, 2016). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions

alleged to have been taken by that defendant that violated federal or constitutional law.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2016**

s/ STACI M. YANDLE
**United States District Judge**