**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALPHONSO ADAMS, #R-62074,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-0050-SMY** |
| | ) | |
| **C/O DAVIS, C/O NALLEY, and** | ) | |
| **LT. SCHULER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Alfonso Adams was initially a co-plaintiff in *Cullum, et al. v. Davis, et al.*, No. 15-cv-57-SMY.  However, pursuant to a Memorandum and Order entered in that case on January 15, 2016 (*see* Doc. 1, instant case), Plaintiff's claims were severed and the present case was opened.  In a separate order entered in this case that same day, the Court held that Plaintiff's complaint (Doc. 2), as drafted, failed to state a claim and should be dismissed.  (Doc. 7).  However, the Court granted Plaintiff leave to file an amended complaint, in order to cure the defects noted in that Order.  The Court instructed Plaintiff that if he wished to exercise this option, he should file an amended complaint in accordance with the Court's instructions within thirty-five (35) days of the Court's Order dismissing the case (on or before February 19, 2016).  Thirty-five (35) days have since passed.  Plaintiff has not filed an amended complaint.

As a result, the present case is **DISMISSED WITH PREJUDICE** and this case is **CLOSED**.  Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Furthermore, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350

remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 4, 2015**

s/ STACI M. YANDLE
**United States District Judge**